IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROSHAN PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-22-280-R |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's (State Farm) Partial Motion to Dismiss and Brief in Support [Doc. No. 6]. The motion is fully briefed and ripe for decision. For the reasons below, the Court GRANTS Defendant's motion.

Plaintiff Roshan Patel's Complaint stems from an accident on November 3, 2021, involving his 2016 Tesla Model X P90D (Tesla). Doc. No. 1-2 ¶ 8. At the time of the collision, Mr. Patel's vehicle was covered by a State Farm automobile insurance policy, number 442042236A. *Id*. ¶ 7. After the accident, Plaintiff filed a claim with State Farm, number 36-26V9-50Q. *Id*. ¶ 8.

On November 4, 2021, the parties had the Tesla inspected and found the estimated cost of repair would be $30,963.21 minus the applicable deductible. *Id*. ¶ 10. On November 19, 2021, State Farm utilized a CCC One Market Valuation Report (Valuation Report), prepared by CCC Information Services, Inc., to determine the actual cash value of Mr.

Patel's Tesla. *Id*. ¶¶ 3, 11. The Valuation Report determined that the vehicle was worth $50,447.00. *Id*. ¶ 11. Based on the Valuation Report and the estimated cost of repair, State Farm determined the Tesla to be a total loss. *Id*. ¶ 12.

Plaintiff wanted his vehicle repaired, not a cash settlement. *Id*. ¶ 22. He therefore requested appraisal pursuant to the terms of his policy. *Id*. The appraisal process, on January 5, 2022, determined the Tesla was worth $64,600. *Id*. ¶¶ 22–23. On February 3, 2022, State Farm offered this amount of money, minus the deductible, to settle the claim. *Id*. ¶ 24. Plaintiff rejected the offer and brought suit in state court: alleging: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) fraud, constructive fraud, or negligent misrepresentation. *Id*. ¶¶ 46–113.

Defendant now moves the Court to dismiss Plaintiff's fraud, constructive fraud, or negligent misrepresentation claim pursuant to Fed. R. Civ. P. 12(b)(6) and 9 for failure to state a claim on which relief may be granted and with the proper specificity required of a fraud claim. Doc. No. 6 at 1. In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The Court properly grants a motion to dismiss when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.

Although decided within an antitrust context, *Twombly* "expounded the pleading standard for all civil actions." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). When making the dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. Of County Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

State Farm's argument[1] in favor of dismissal focuses on the reliance element required in all species of fraud claim—be it fraud, constructive fraud, or negligent misrepresentation. *Id*. at 7. Defendant contends that because Mr. Patel immediately challenged the Valuation Report utilizing the policy's appraisal procedure, he could not have been said to rely on that report. *Id*. Thus, in State Farm's view, Plaintiff's fraud claim necessarily fails because it is missing one of the required elements. *Id*.

Mr. Patel counters this argument. Plaintiff alleges that he relied on the Valuation Report when he was forced to materially change his position by hiring an appraiser and

---

[1] Defendant additionally argues that Plaintiff has failed to allege his fraud, constructive fraud, or negligent representation claim with proper particularity as to the circumstances constituting fraud in accordance with Rule 9. Doc. No. 6 at 5. However, the Court need not address the merits of this argument as Plaintiff has failed to state a fraud claim pursuant to Rule 12(b)(6).

3

invoking the appraisal clause of the policy. *Id*. at 6–7. Plaintiff concludes such reliance on Defendant's representation entitles him to proceed with his fraud claim. The Court disagrees.

     Mr. Patel's claim fails to state a claim pursuant to Rule 12(b)(6). Plaintiff has not pleaded that he relied in any way on the representations State Farm made during the claim process. The torts of fraud, constructive fraud, and negligent misrepresentation all require a plaintiff rely and act upon the representation of a defendant to his own detriment. *See Bowman v. Presley*, 212 P.3d 1210, 1217 (Okla. 2009) (enumerating the elements of fraud in Oklahoma); *see also Howell v. Texaco*, 112 P.3d 1154, 1161 (Okla. 2004) (providing a description of constructive fraud); *see also Lopez v. Rollins*, 303 P.3d 911, 916 (Okla. Civ. App. 2013) (describing negligent misrepresentation). As Defendant argues, Plaintiff's Complaint fails to allege that he relied on its representation that his vehicle had reached the total loss threshold.

     Indeed, Mr. Patel pleads that he did the opposite of rely on State Farm's Valuation Report. He challenged the valuation and initiated the policy appraisal process. Plaintiff argues that he altered his material position by having to seek an appraisal of his vehicle at his own expense and that this was a required action to protect his interest in the vehicle. Doc. No. 10 at 7. However, Mr. Patel made these choices because he explicitly disagreed with State Farm's representation. His actions were to his own benefit and resulted in the appraisal process ultimately finding that his Tesla was worth considerably more than what Defendant initially claimed. In short, Plaintiff's expenses resulted from his refusal to rely on Defendant's representation. Consequently, the Court finds that Mr. Patel has failed to

state a claim of fraud, constructive fraud, or negligent misrepresentation on which relief may be granted.

For the reasons above, the Court GRANTS Defendant's Partial Motion to Dismiss [Doc. No. 6] and dismisses Count III of Plaintiff's Complaint.

IT IS SO ORDERED this 13th day of May 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE