# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSHAN PATEL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-22-280-R |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion for Attorney Fees [Doc. No. 59]. The motion is fully briefed [Doc. Nos. 63, 68, 73] and at issue.[1]

Defendant seeks to recover an award of attorney fees from Plaintiff in the amount of $18,165.00 pursuant to Okla. Stat. tit. 36, § 3629. This statute requires an insurer, "receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within sixty (60) days of receipt of that proof of loss." Okla. Stat. tit. 36, § 3629(B). The statute further provides that "[u]pon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party." *Id*. An insurer is the prevailing party "where judgment does not exceed the written offer of settlement." *Id*. Upon review of the record, and noting that Plaintiff does not challenge Defendant's right

---

[1] Neither party has requested an evidentiary hearing on the motion and, based on the time records and affidavits submitted by Defendant, the Court finds that a hearing is unnecessary.

1

to seek fees, the Court finds that Defendant has met the requirements for seeking attorney fees under § 3629.

In Oklahoma, a reasonable attorney fee award is determined by utilizing the lodestar method, which multiplies the reasonable hours expended by the hourly rate of the involved attorneys. *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okla. 1979). The lodestar amount may be increased or decreased based on a consideration of the factors articulated in *Burk*. *Id.* In evaluating the reasonableness of the fee request, the court considers "what attorney services were performed, which services were necessary, and the value of the necessary services, and what a reasonable fee for such services, if any, should be." *Darrow v. Spencer*, 581 P.2d 1309, 1314 (Okla. 1978).

Here, Defendant seeks a total fee award of $18,165.00, based on 103.8 hours expended and an hourly rate of $175. Plaintiff does not challenge the reasonableness of the hourly rate and, based on standards in the local legal community and the work performed in this case, the Court finds the hourly rate is reasonable. Plaintiff does, however, challenge the hours expended as excessive.

First, Plaintiff argues that spending a total of 30.3 hours drafting Defendant's Motion for Summary Judgment exceeds all bounds of reasonableness. The billing records submitted by defense counsel detail the amount of time spent on various tasks related to preparing the summary judgment motion, including drafting, adding deposition testimony, and revisions. The Court concludes that the amount of time spent on these tasks is reasonable in light of the factual and legal issues addressed in the motion.

Plaintiff next argues the fee award should be reduced as duplicative because multiple attorneys, specifically Mr. Gladd and Mr. Gayle, both attended depositions. Generally, "[w]hen more than one attorney represents the prevailing party fees awarded should reflect the efforts of all, at least to the extent that the time reported does not reflect duplication of effort or work that should be performed by non-lawyers." *Oklahoma Nat. Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1259 (N.D. Okla. 2004) (quotation omitted). In its reply brief, Defendant justifies Mr. Gayle's attendance at the depositions by explaining that he provided analysis of live witness testimony, took notes, and regularly conferred with Mr. Gladd, who was lead counsel in the matter. Defendant does not, however, explain what role Mr. Gayle played in defending the case or represent that he actively participated in preparing for the depositions. Given the somewhat perfunctory justification for Mr. Gayle's attendance at the depositions, the Court finds that Defendant has not met its burden to justify the presence of more than one attorney at the depositions. Defendant's fee request will therefore be reduced by 16.7 hours, which represents the time Mr. Gayle recorded for attending and traveling to the depositions.

Last, Plaintiff argues that Defendant's motion did not adequately identify one of the attorneys that was listed on the time records and failed to include an affidavit from each attorney. Defendant provided an affidavit from lead counsel supporting its request for attorney fees and included an affidavit from the attorney that Plaintiff complains was not sufficiently identified. Although the better practice may be to provide a supporting affidavit from each attorney that seeks to recover fees, the Court is not persuaded that the failure to do so justifies denying fees in this case.

The Court has fully considered each time entry as it stands alone and in connection with the other entries and finds that the fees requested are reasonable. Additionally, none of the *Burk* factors warrant an enhancement or reduction in the requested amount.

Accordingly, Defendant's Motion for Attorney Fees [Doc. No. 59] is GRANTED. Defendant is awarded attorney fees in the amount of $15,242.50. An amended judgment will issue.

IT IS SO ORDERED this 10th day of September, 2024.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE